FILED

MAR - 8 2014

Clerk, U.S. District and
Bankruptcy Courts

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |  |
|---|---|---|
| DAVID ROBINSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   14 - 427 |
| | ) | |
| UNITED STATES SMALL BUSINESS | ) | |
| ADMINISTRATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

According to plaintiff, Borrego Springs Bank denied his loan application upon its conclusion that plaintiff was ineligible to participate in a loan program under the auspices of the Small Business Administration. Compl. ¶ 20. In plaintiff's view, this action not only violated rights protected under the First, Fifth and Fourteenth Amendments to the United States Constitution, *see id.* ¶¶ 23-25, but also amounted to a conspiracy to deprive him of constitutional rights, *see id.* ¶ 26.[1]

---

[1]  Plaintiff's reliance on 18 U.S.C. §§ 241 and 242, *see* Compl. ¶ 26, is misplaced, as there is no private right of action under these criminal statutes. *See, e.g., Pope v. Thornburgh*, 978 F.2d 744 (D.C. Cir. 1992) (per curiam); *McCray v. Holder*, No. 10-0026, 2010 WL 55300, at *1 (D.D.C. Jan. 6, 2010), *aff'd*, 391 F. App'x 887 (D.C. Cir. 2010) (per curiam).

Under the doctrine of *res judicata*, a prior judgment on the merits of a claim bars a plaintiff from relitigating the same claim. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"). "[W]here *res judicata* applies, it bars relitigation not only as to all matters which were determined in the previous litigation, but also as to all matters that might have been determined." *Natural Res. Def. Council, Inc. v. Thomas,* 838 F.2d 1224, 1252 (D.C. Cir. 1988) (citation omitted); *see Allen v. McCurry*, 449 U.S. 90, 94 (1980). In evaluating a cause of action for *res judicata* purposes, it is the factual nucleus that gives rise to a plaintiff's claim, not the legal theory on which the claim rests, that determines whether the claim may proceed. *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). As plaintiff notes, Compl. ¶ 31, a prior civil action challenged the same denial of his loan application, and that action was dismissed because the complaint failed to state a claim under 42 U.S.C. § 1983 upon which relief could be granted. *See Robinson v. U.S. Small Business Admin.*, No. 13-0863, 2013 WL 4574935 (D.D.C. June 10, 2013). Plaintiff cannot avoid application of the doctrine by presenting new legal theories for recovery.

The Court concludes that plaintiff's claims are barred under the doctrine of *res judicata*, and, accordingly, the complaint will be dismissed. An Order accompanies this Memorandum Opinion.

DATE: 3/5/14

_____
United States District Judge